**CURLE et, Plaintiff-Appellant, v. FYFE, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22247. Decided December 3, 1951.

Kitchen & Messner, Cleveland, for plaintiff-appellant.
Bulkley, Butler & Rini, Cleveland, for defendant-appellee.

**OPINION**

Per CURIAM:

The plaintiff in this action is the bailor of an automobile which was involved in a collision with the defendant at the intersection of Pulaski Avenue and East 79th Street. The plaintiff's automobile was being driven by her son westerly on Pulaski Avenue and was being driven into the intersection of Pulaski Avenue and East 79th Street and attempting to turn south on East 79th Street. Defendant was driving his automobile north on East 79th Street. There is evidence tending to establish the fact that the collision occurred after plaintiff's automobile had been driven two-thirds of the way through the intersection.

The defendant testified that he did not see the automobile with which he collided until he was but a few feet away.

Bearing in mind that even if the driver of the plaintiff's automobile was negligent, because of the admitted relationship of the bailor-bailee, such negligence cannot be imputed to the bailor.

Therefore, the sole question presented in this case is whether

or not there is any credible evidence that the defendant was negligent and that such negligence proximately caused the damage to plaintiff's automobile. The defendant's statement that he did not see the plaintiff's automobile until he was practically upon it is certainly some evidence of the failure to exercise ordinary care under the circumstances.

For the foregoing reasons, we hold that the judgment is manifestly against the weight of the evidence and remand the cause for further proceedings according to law.

Exceptions noted. Order see Journal.

SKEEL, PJ, HURD, J, THOMPSON, J, concur.