**KALTENBACH, Plaintiff-Appellant, v. ECKERT, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5054. Decided September 24, 1954.

Power, Griffith & Jones, William N. Postlewaite, of Counsel, Columbus, for plaintiff-appellant.

Benoy & Sebastian, G. W. Fais, of Counsel, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Municipal Court entered for the defendant by a judge without the intervention of a jury.

The action was for damages to an automobile owned by plaintiff and driven by her son who was in possession of the car with the consent of the plaintiff. Plaintiff in her petition charged that the defendant was negligent in four particulars, proximately resulting in damages to her automobile in the sum of $450.00. The petition set out four specifications of negligence: (1) Defendant's failure to slow down or divert the course of the automobile which he was driving to avoid the collision; (2) failure to have the automobile under control; (3) failure to keep a lookout ahead for traffic lawfully using the street where the collision occurred; (4) in operating his automobile at a speed greater than was reasonable and proper on an icy street, namely, 25 miles per hour. After admitting certain aver-

ments of the petition as to the location where the collision occurred and that it was between defendant's automobile and that of plaintiff; the answer further alleged, "The operator of plaintiff automobile was an incompetent driver and that said fact was known to plaintiff," and that the collision and resulting damage, if any, to plaintiff vehicle was the result of the contributory negligence of the driver of plaintiff's automobile in four particulars which were set out in detail. The reply was a general denial of the answer except the admissions therein made by defendant. Upon the issues thus drawn the parties went to trial.

The plaintiff introduced testimony as to the extent of the damages to her automobile only and rested. Defendant then moved for a directed verdict and the court, indicating that upon the facts developed he would sustain the motion, plaintiff requested permission to reopen her case which was granted  Plaintiff, however, objected and excepted to the ruling of the court that she was required to offer any further testimony to make a prima facie case. Plaintiff then offered her testimony going to her specifications of negligence, the defendant presented his case and rested. Time was granted to the parties to file briefs and, it is said that, in the plaintiff's reply brief which was filed November 9, 1953, she requested the trial judge to return separate findings of fact and conclusions of law. On the 12th of November, 1953, without complying with plaintiff's request, the court entered judgment for the defendant. Thereafter, November 23, 1953, plaintiff moved to vacate the judgment so that the court could make separate findings of fact and conclusions of law. This motion was overruled on the ground it was not seasonably made.

Appellant assigns five grounds of error:

(1) In requiring plaintiff to proceed with further proof after she had rested, in chief, in the first instance;

(2) In refusing to limit defendant's testimony to his affirmative defense;

(3) In finding for the defendant when there was no competent evidence before the court to establish the affirmative defense in defendant's answer;

(4) In not finding for the plaintiff in at least the minimum amount of damages established by the proof; and

(5) In refusing to make separate findings of facts and conclusions of law as requested by plaintiff.

In the discussion of the assignments, we will not necessarily consider them separately because most of them are somewhat interwoven.

The petition set out four specific allegations of negligence. They were material averments and proper in form and content. They are not denied generally or specifically in the answer. The procedure in Municipal Court being that which is provided in the Common Pleas Court (§1599 R. C.), the material allegations of the petition not controverted by the answer must have been taken as true; (§2309.27 R. C.). This section is mandatory in form and says that "material allegations of a petition * * * shall be taken as true." The defendant did not default, as in the case of Streeton v.

Roehm, cited by appellee, but represented by counsel answered and made up the issues. The plaintiff, conforming to the issues thus made, shaped her proof accordingly and restricted her testimony. No reason appears which would justify the failure to give consideration to the controlling statute. However, the plaintiff was not entitled to a directed verdict because of the affirmative defense in the answer and we examine the factual developments to determine if prejudice thereafter resulted to the plaintiff.

The defense of contributory negligence like the failure of the answer to deny the specific averments of the petition, concedes negligence of the defendant. If the proof was such as to permit this defense it might have precluded a judgment in behalf of plaintiff. Inasmuch as it was not disputed that plaintiff's driver was in possession of and driving her car by her consent, he was a bailee and the negligence of plaintiff's driver could not be imputed to her unless the other affirmative averments of her answer were first proven. **Gfell v. Jefferson Hardware Co., 10 Oh Ap 427; Curle v. Fyfe, 61 Abs 562; Conart Motor Sales, Inc., v. Shullo, et al., 70 Oh Ap 423.**

What then was the proof as to these averments, namely, that the operator of plaintiff car was an incompetent driver and that his incompetency was known to the plaintiff.

Although the proof is meager, tending to establish any incompetency of plaintiff's driver to operate her car, if it be assumed that it is found, it is clear that there is not a scintilla of proof that plaintiff knew of such incompetency prior to the collision upon which the action is based. The knowledge of the plaintiff of the incompetency of driver being an essential of the defense and a prerequisite to the consideration of the defense of contributory negligence, the defendant at the conclusion of her case had failed in her proof. **Elliott v. Harding, 107 Oh St 501, 505, 508.**

The fifth error assigned is predicated upon the refusal of the trial judge to make separate findings of fact and conclusions of law. The reply brief of the plaintiff in the Municipal Court, wherein it is said that the first request was made, is not before us. The formal motion which was overruled was not brought to the attention of the court until thirteen days after the entry of judgment. We would not disturb the conclusion of the trial judge that the request so made was not timely. The case cited by appellant, **Levick v. Bonnell, 137 Oh St 453,** wherein the request was held to be timely when made within one day after the judgment was entered, is not compelling authority to support her contention.

To summarize, we find the first, second, third and fourth assignments of error well made. The proof as to the measure of damages was regular and proper and could not be less than $211.73. The defense of contributory negligence was not available to the defendant because of the failure to prove the material averment of the answer as to the knowledge of plaintiff of any incompetency of plaintiff's driver.

The judgment will be reversed and judgment entered for the plaintiff in the sum of $211.73 and costs and cause remanded.

WISEMAN, PJ, MILLER, J, concur.